Filed 5/14/26  P. v. Reyes CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B340970 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA067579) |
| v. | |
| JOAQUIN SERRANO REYES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Jacqueline H. Lewis, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Shezad H. Thakor and Stephanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant Joaquin Serrano Reyes appeals the sentence imposed at his 2024 resentencing, arguing that the trial court erred by not striking a Penal Code section 667, subdivision (a)[1] five-year enhancement pursuant to section 1385, subdivision (c). We affirm.

# II.    BACKGROUND

In January 2005, a jury found defendant guilty of nine counts of lewd and lascivious conduct against a child within the meaning of section 288, subdivision (a).  The jury also found true the allegations that defendant suffered prior convictions for attempted murder in violation of sections 664 and 187, subdivision (a); infliction of corporal injury on a spouse in violation of section 273.5, subdivision (a); and sexual intercourse with a minor in violation of section 261.5, subdivision (c).

The trial court sentenced defendant to an aggregate term of 55 years, comprised of:  an upper term of 16 years on count 1; consecutive four-year terms on each of the remaining eight counts (2 through 9), for a total of an 32 years; a five-year term for the prior serious felony conviction under section 667, subdivision (a); and two terms of one-year each for the two prior prison terms under section 667.5, subdivision (b).

On August 17, 2023, the trial court received notice from the Department of Corrections and Rehabilitation that defendant was eligible for resentencing pursuant to sections 1172.7 and

---

[1]    All further statutory references are to the Penal Code.

1172.75.  The court appointed counsel for defendant and set the matter for a further hearing on resentencing.

On July 2, 2024, defendant filed a brief requesting a full resentencing, including, among others, requests to strike his two section 667.5, subdivision (b) one-year enhancements and his section 667, subdivision (a) five-year enhancement.[2]

The trial court held the resentencing hearing on September 5, 2024, during which it struck the two section 667.5, subdivision (b) enhancements and resentenced defendant to an aggregate term of 53 years.  But the court declined the request to strike the section 667, subdivision (a) five-year enhancement.  It expressly found that the interests of justice did not support striking the enhancement, reasoning that defendant's "succession of violent crimes," his failure to participate in classes or other services while incarcerated, and his numerous rules violations while incarcerated, including those involving sexually inappropriate behavior, demonstrated that he "continue[s] to be clearly a danger to everyone."

Defendant appealed from the resentencing.

## III.  DISCUSSION

Defendant contends that the trial court was required, as a matter of law, to dismiss the section 667, subdivision (b) enhancement under section 1385, subdivision (c)(2)(C), because

---

[2]     The minute order and reporter's transcript for the resentencing hearing show that the prosecution filed an opposition to the resentencing request which the trial court considered at the hearing in making its ruling, but that brief is not in our record.

the imposition of the enhancement resulted in a sentence greater than 20 years.

A. *Legal Principles and Standard of Review*

"Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) added subdivision (c) to section 1385, providing in relevant part that 'the court shall dismiss an enhancement if it is in the furtherance of justice to do so.' (§ 1385, subd. (c)(1).) Section 1385, subdivision (c)(2) further provides: 'In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. "Endanger public safety" means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.'" (*People v. Torres* (2025) 113 Cal.App.5th 88, 92 (*Torres*).)

The mitigating circumstance in section 1385, subdivision (c)(2) upon which defendant relies is described in subparagraph (C), which provides: "The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(C).) We independently review questions of statutory interpretation. (*Torres*, *supra*, 113 Cal.App.5th at p. 93.)

B.   *Analysis*

Defendant does not challenge the sufficiency of the trial court's findings that dismissal of the section 667, subdivision (a) enhancement would endanger public safety or be against the interest of justice.  Instead, he contends that the court was required to dismiss the enhancement because its application resulted in a sentence of over 20 years.[3]  We disagree.

The application of the enhancement would not "result in a sentence of over 20 years" because defendant's 48-year sentence, prior to the application of the enhancement, already exceeded 20 years.  (*Torres, supra,* 113 Cal.App.5th at pp. 93–94.)  Moreover, even assuming for purposes of argument that the application of the enhancement did "result in a sentence of over 20 years," we would reject defendant's contention that section 1385, subdivision (c)(2)(C), which states that such enhancements "shall be dismissed," mandated a dismissal of the enhancement.  As defendant acknowledges, many courts have rejected defendant's construction of the statute, finding that dismissal under section

---

[3]     Defendant contends that the "base offense" in count 1 was only 16 years and the five-year enhancement was imposed on that count, resulting in a sentence greater than 20 years.  But the five-year enhancement under section 667, subdivision (a) was predicated on the jury's true finding that defendant had previously been convicted of a prior serious felony; it was not based on any conduct by defendant in the commission of any of the nine charged lewd conduct offenses.  Based on defendant's conduct underlying those counts, he received an aggregate sentence of 48 years before the application of the enhancement for the commission of the prior offense.  Thus, defendant's sentence was greater than 20 years without the application of the five-year enhancement.

1385, subdivision (C)(2)(C) is discretionary, not mandatory, notwithstanding the use of the term "shall" in subdivision (c)(2)(C).  (*People v. Mazur* (2023) 97 Cal.App.5th 438, 444–446; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 290–291; *People v. Anderson* (2023) 88 Cal.App.5th 233, 238–241.)  We reach the same conclusion as those decisions.

## IV.    DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

6